Filed 3/4/25  P. v. Casares CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE MANUEL CASARES, SR.<br><br>    Defendant and Appellant. | 2d Crim. No. B336624<br>(Super. Ct. No. 1277675)<br>(Santa Barbara County) |

Jose Manuel Casares, Sr., appeals the trial court's order denying his petition, filed in propria persona, seeking resentencing pursuant to Penal Code,[1] sections 1170, 1171, 1172 and Assembly Bill No. 1540.  We appointed counsel to represent appellant on appeal.  After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Delgadillo* (2022) 14

---

[1] All further statutory references are to the Penal Code.

Cal.5th 216 (*Delgadillo*).  Appellant filed a supplemental brief raising no arguable issues.  We affirm.

*Procedural Background*

In 2008, appellant was convicted by jury of forcible rape (§ 261, subd. (a)(2), count 1).  The jury found not true the special allegation that appellant committed the rape during the commission of burglary with the intent to commit rape but found true the allegation that appellant committed the rape during the commission of burglary with the intent to commit assault with a deadly weapon (§ 245, subd. (a)(1)), willful infliction of corporal injury resulting in traumatic injury (§ 273.5, subd. (a)), or criminal threats (§ 422), within the residence.  The jury also found true the special allegation that appellant personally used a dangerous or deadly weapon in the commission of the offense (§ 12022, subd. (b)(1)).  Appellant was sentenced to a term in state prison of 27 years to life, comprised as follows: 25 years to life on count 1, plus one additional year for two prior prison terms (§ 667.5, subd. (b)), to be served consecutively.

In December 2022, the trial court modified appellant's sentence to remove the prior prison term enhancements.  (§ 667.5, subd. (b).)

In February 2024, appellant filed a "Petition for Resentencing Pursuant [to] All Applicable Sections of Penal Code § 1170, § 1171, § 1172, and Assembly Bill 1540 (2021)."  In his petition, appellant requested relief under various ameliorative legislation, asserted that he did not waive his right to be present at his resentencing hearing, and that he was entitled to have his entire sentence reconsidered.  The trial court denied the petition without prejudice.

2

## Discussion

Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.) He is, however, entitled to appellate consideration of any contentions raised in his supplemental brief. (*Id.* at p. 232.)

In his supplemental brief, appellant contends appellate counsel was "ineffective" for failing to raise various arguments including that the victim later "recanted her testimony" and claimed appellant did not assault her, a member of the jury "knew appellant and the victim," and counsel "refus[ed] to raise" an argument pursuant to the Racial Justice Act.

To establish ineffective assistance of counsel, a defendant must show counsel's representation was deficient and that he was prejudiced by the deficiency. (*Strickland v. Washington* (1984) 466 U.S. 668, 693-694, 697.) "If a claim of ineffective assistance of counsel can be determined on the ground of lack of prejudice, a court need not decide whether counsel's performance was deficient." (*In re Crew* (2011) 52 Cal.4th 126, 150.)

Here, there is no showing of prejudice. Even if counsel had raised the contentions appellant asserts in his supplemental brief, it would make no difference because none of his contentions have merit.

## Disposition

The trial court's order denying the petition is affirmed.

NOT TO BE PUBLISHED.


                                YEGAN, Acting P. J.

We concur:


    BALTODANO, J.


    CODY, J.


4

Kristy Imel, Judge

Superior Court County of Santa Barbara

_____

Richard Lennon, Executive Director, Anna Rea, Staff Attorney, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.